40 F.3d 1243
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bryant HESS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Dominion Coal
Corporation, Respondents.
 No. 94-1066.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: Sept. 30, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-1702-BLA).
 Bryant Hess, petitioner pro se. Patricia May Nece, Helen Hart Cox, U.S. Dept. of Labor, Washington, DC; Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Washington, DC, for respondents.
 Ben. Rev. Bd.
 PETITION GRANTED AND REMANDED.
 Before WIDENER, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Hess seeks review of the order of the Benefits Review Board affirming the administrative law judge's denial of black lung benefits pursuant to 30 U.S.C. Secs. 901-945 (1986 & Supp.1994). The Board determined that benefits should be denied because the claimant failed to establish a causal relationship between his alleged total disability and pneumoconiosis. Our review is limited to a judgment of the validity of the decision on the grounds as stated by the Board. Securities Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1942). We hold that the grounds relied on by the Board are not sufficient to support denial of the claim and remand to the Board.
 
 
 2
 In reaching the decision, the Board relies on evidence introduced in Hess's second claim in which Dr. Robinette made a diagnosis of pneumoconiosis and total disability due to severe restrictive lung disease. The Board states that the claimant did not establish the requisite causal link because Dr. Robinette did not specifically identify the source of the restrictive lung disease as pneumoconiosis. Turning to the definition in the statute, "pneumoconiosis means a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 20 CFR Sec. 718.201 (1994). The broadly stated sequelae of respiratory and pulmonary impairments in the definition would appear to encompass restrictive lung disease. It follows that under 20 CFR Sec. 718.203 (1994), a definitive diagnosis of pneumoconiosis along with the requisite ten year employment history would give Hess the benefit of the rebuttable presumption that there is a causal relationship between the pneumoconiosis and a finding of totally disabling restrictive lung disease. Thus the reasoning as stated by the Board is insufficient to support denial of benefits.
 
 
 3
 Despite the administrative law judge's facially well-reasoned decision that the claimant is not entitled to benefits because he does not have pneumoconiosis, the Board simply failed to review that threshold determination of the ALJ. Should there have been ample evidence in the record to support the finding of no pneumoconiosis, the Board might have reached the same conclusion on proper grounds.
 
 
 4
 We thus remand to the Board for further review of the decision of the ALJ consistent with this opinion. On remand, for good cause shown, the Board should permit the taking of additional evidence by either side. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.
 
 PETITION GRANTED AND REMANDED